**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  1:08-mj-08007 |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| v ) | |
| ) | |
| ROBERT A. HUFF, ) | |
| ) | **ORDER** |
| Defendant. ) | Doc. No. 17 |

Defendant, Robert Huff ("Huff"), moves the court for an order modifying his sentence to run concurrently with another sentence he is now serving.  Doc. No. 17.  Plaintiff opposes this motion.  Doc. No. 18.  For the reasons given below, the court finds that it is without authority to modify Huff's sentence and **DENIES** Huff's motion.

The court sentenced Huff on October 8, 2008 to six months' imprisonment, followed by six months in the Location Monitoring Program.  Huff avers that he is currently serving a five-year sentence in Lorain Correctional Institution consequent upon his conviction in Cuyahoga County Common Pleas Court Case No. CR-07-500285-B.  On December 16, 2008, Huff moved this court to modify the sentence it imposed so that it would run concurrently with the sentence imposed in the state case.

As plaintiff notes, there are few circumstances under which a federal trial court can modify a sentence after it has been imposed:

> The authority of a district court to resentence a defendant is limited by statute. Specifically, 18 U.S.C. § 3582(c)(1)(B) provides in relevant part that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed sentence of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

*United States v. Houston*, 529 F.3d 743, 748-49 (2008) (citation omitted).

Although 28 U.S.C. §§ 2106 and 2255 permit modification of a sentence, neither statute applies in the instant case.[1] Federal R. Crim. P. 35 ("R. 35") provides in relevant part that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35(a). The rule also provides that sentencing "means the oral announcement of the sentence." Rule 35(c). As the Sixth Circuit has observed:

> The authority to correct a sentence conferred by Rule 35(a) is "extremely limited." *United States v. Arroyo,* 434 F.3d 835, 838 (6th Cir.2006). As the Rule 35 Advisory Committee Note makes clear, the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or . . . simply to change its mind about the appropriateness of the sentence . . . [or] to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *See also United States v. Galvan-Perez,* 291 F.3d 401, 406-07 (6th Cir.2002) (noting that a sentencing judge may not use Rule 35(a) to alter a discretionary decision merely because he later had a "change of heart"). Unless an error is an "obvious error or mistake" that would have resulted in a remand by the appellate court, it is outside of Rule 35(a)'s narrow purview. *Arroyo,* 434 F.3d at 838.

*Houston*, 529 F.3d at 749.

---

[1] Title 28 U.S.C. § 2106 permits a federal appeal court to modify a sentence on appeal. Title 28 U.S.C. § 2255 relates to federal habeas corpus proceedings.

2

Huff filed his motion to modify his sentence more than two months after his sentencing. Thus, his motion is untimely pursuant to R. 35(a)'s seven-day time limit. Moreover, Huff is not requesting the correction of an arithmetical, technical, or other clear error. Huff is asking the court to reconsider the substance of the sentence in relation to a prior state sentence. Rule 35 does not grant this court the authority to modify Huff's sentence in this manner.

Because this court has no authority to modify Huff's sentence as requested, the court **DENIES** Huff's motion.

**IT IS SO ORDERED.**

DATE:  February 11, 2009           s/ *Nancy A. Vecchiarelli*
                                   United States Magistrate Judge